IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2001 Session

## JAMES LEE JONES, III, ET AL. v. PIERCE BRANDON GARRETT, a/k/a PERRY GARRETT

**Appeal from the Circuit Court for Hamblen County**
**No. 98-CV-059      Kendall Lawson, Judge**

### FILED NOVEMBER 9, 2001

### No. E2000-00196-COA-R3-CV

This is a suit wherein James Lee Jones, III, and his wife seek a determination that Pierce Brandon Garrett, a/k/a Perry Garrett, has abandoned his son so that they may adopt him. The Trial Judge found by clear and convincing evidence that abandonment had occurred, but did not make any finding as to the best interest of the child. We affirm the finding as to abandonment and remand the case for a determination as to best interest.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Douglas R. Beier, Morristown, Tennessee, for the Appellant, Pierce Brandon Garrett, a/k/a Perry Garrett

Jonathan R. Perry, Morristown, Tennessee, for the Appellees, James Lee Jones, III, and Stephanie Trent Jones

### OPINION

In this adoption proceeding, filed on February 13, 1998, James Lee Jones, III, and Stephanie Trent Jones, seek to adopt Caleb Luke Jones (DOB 1/30/98), a child whose mother is Amy Michelle Penland, who had surrendered the child to the Joneses for adoption. In an amendment filed on April 9, 1998, the father, Perry Garrett, was made a party to the proceeding.

At first Mr. Garrett attacked the service of process, but later waived any irregularity thereto and answered the petition resisting termination of his parental rights and seeking custody of the child.

After a full evidentiary hearing the Trial Court found that Mr. Garrett had abandoned the child, and by order entered on August 13, 1998, terminated his parental rights.

Mr. Garrett appeals, contending that the evidence does not show by clear and convincing evidence that he had abandoned his son, and that the Trial Court did not make a finding by clear and convincing evidence that it was in the best interest of the child that his parental rights be terminated.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

The proof shows that Mr. Garrett and Ms. Penland, who were never married, had an unprotected sexual liaison from January to June 1997, and that she told him in a telephone conversation as early as October 7, 1997, that she was expecting his child. This conversation was verified by at least one witness, and perhaps two.

He denied parenthood on the ground that Ms. Penland was living with another man, which he presumed was the father of the child, although that relationship did not begin until after she became pregnant.

Ultimately, after Mr. Garrett saw a picture of the child which revealed that he was the product of the union of persons of different races,[1] he concluded that he was the father of the child and filed a petition on May 26, 1998, seeking to have himself declared the father. This petition was sustained.

Based upon the foregoing proof the Trial Court made the following findings of fact and conclusions of law:

## OPINION

This is a case for termination of parental rights.

> THE COURT FINDS that Mr. Pierce Brandon Garrett, the biological father of the child in this cause, after receiving notice as defined at T.C.A. § 36-1-113(g)(9)(A)(ii)[2] that he was believed to be the biological father of the child, failed to file a petition to establish paternity within thirty (30) days after receiving

---

[1] The mother is white and the father is black.

[2] The correct Code Section is 36-1-113(g)(9)(B)(ii).

-2-

said notice. Therefore, in accordance with the provisions of T.C.A. § 36-1-113(g)(8)(A)(vi)[3] the parental rights of the biological father should be terminated.

As heretofore stated, Mr. Garrett contends the evidence does not rise to the clear and convincing level required by the Statute. We agree with the Trial Court that T.C.A. 36-1-113(g)(9)(A)(vi) justifies the termination of parental rights:

> (vi) The person has failed to file a petition to establish paternity of the child within thirty (30) days after notice of alleged paternity by the child's mother, or as required in § 36-2-318(j), or after making a claim of paternity pursuant to § 36-1-117(c)(3).

Notice is defined in T.C.A. 36-1-113(g)(9)(B)(ii) as follows:

> (ii) "Notice" also means the oral statement to an alleged biological father from a biological mother that he is believed to be the biological father of her child.

Mr. Garrett contends that because in a separate proceeding he was found to be the legal as well as the biological father of the child, the foregoing provision does not apply, but applies only to cases where no such relationship has been established. We see nothing in the Statute that supports this insistence.

Finally as to this point, we note an unreported opinion of this Court, <u>Bethany Christian Services, Inc. v. Jackson</u>, filed in Knoxville on May 19, 1999, wherein this Court approved the application of the sub-section in question and used the following language:

> Lastly, ground (vi) provides that the "person has failed to file a petition to establish paternity of the child within thirty (30) days after notice of alleged paternity by the child's mother." Jackson did not file a petition to establish paternity, and did not admit the paternity until March, 1998, when blood tests were returned. The statute, however, requires only notice of *alleged* paternity, not certain paternity. Under the terms of the statute, this ground for termination of parental rights exists as well. (Emphasis in original.)

Finally, Mr. Garrett correctly points out that the Trial Court did not make a specific finding by clear and convincing evidence that termination of Mr. Garrett's parental rights was in the best interest of the child. This Court, in <u>Sorrells v. Sorrells</u>, an opinion authored by the author of this opinion, an unreported opinion filed in Knoxville on May 9, 2000, reversed and dismissed a suit seeking termination of parental rights because the Trial Court failed to make such a finding.

_____

[3] The correct Code Section is 36-1-113(g)(9)(A)(vi).

Subsequently, however, in the case of <u>White v. Moody</u>, an unreported opinion of this Court, filed in Nashville on April 2, 2001, also authored by the author of this opinion, in addressing <u>Sorrells</u>, we concluded that upon further reflection, "it is more appropriate that this case be remanded to the Trial Court for a best interest determination."

We accordingly remand the case for that purpose.

For the foregoing reasons the judgment of the Trial Court is affirmed in part and vacated in part, and the cause is remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Perry Brandon Garrett and one-half against James Lee Jones, III, and Stephanie Trent Jones.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE